U.S. Equal Employment Opportunity Commission
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
Terrence R. Cook
TRC-3980
Attorney for Plaintiff
(215) 440-2688

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. |
| RADIO SHACK CORPORATION, | COMPLAINT |
| | JURY TRIAL DEMAND |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, female, and to provide appropriate relief to Theresa Castro who was adversely affected by such practices. As alleged with greater particularity in paragraph 7 below, the Commission alleges that during her employment, Ms. Castro was subjected to sexual harassment in the form of repeated, unwanted sexually offensive remarks and sexual advances from Defendant's Store Managers. Despite Ms. Castro's complaints about the conduct, Defendant failed to take prompt remedial action to correct the hostile work environment. Because she could no longer tolerate the sexually hostile work environment, Ms. Castro was forced to resign from her position and was constructively discharged. As a result of Defendant's illegal and offensive work environment, Ms. Castro

suffered emotional distress and backpay damages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Radio Shack Corporation (Defendant Employer) has continuously been doing business in the State of New Jersey and the City of Paramus, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employers have continuously engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the initiation of the lawsuit, Theresa Castro filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant

Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least December 2001, Defendant Employer has engaged in unlawful employment practices at their Paramus, New Jersey facility in violation of Section 703(a)(1)of Title VII, 42 U.S.C. § 2000e-2(a)(1). These unlawful practices include, but are not limited to, the following:

(a) Ms. Castro began working for Defendant at its Fort Lee, New Jersey facility in October 2001, as a Sales Associate. In July 2002, Ms. Castro was promoted to the position of District Administrator, and reported to District Manager Steve Jensen. At all relevant times throughout her employment, Ms. Castro's performance was satisfactory.

(b) Beginning in December 2001, Ms. Castro was subjected to a sexually hostile work environment when Defendant's Store Managers Muhammed Qureschi and Carl Johnson made sex-based and sexually offensive remarks to Ms. Castro on a regular basis.

(c) As District Administrator, Ms. Castro was required to have regular phone contact with Store Managers within the district, including Store Manager Hamdi Syriam, who was assigned to Store No. 01-2776. Beginning in September, 2002, and continuing until her constructive discharge on July 9, 2004, Mr. Syriam subjected Ms. Castro to sexually offensive remarks and comments including, but not limited to, requests for oral sex, asking her to go to a hotel to have sex, discussing the size of his penis, and telling Ms. Castro how much she would like giving him oral sex.

(d) Beginning in April 2003, Syriam began to subject Ms. Castro to unwelcome touching at her location, when he was at her office location on business. This conduct included, but is not limited to, following Ms. Castro into a store room, cornering her and attempting to kiss her;

Page -3-

brushing her buttoned-up blouse aside and grabbing her breasts; and, slapping Ms. Castro on the buttocks.

(e) Ms. Castro complained about the sexually hostile work environment to Defendant's Store Managers, Stacey O'Keef and Hassuna Hossen, each time Syriam harassed her. O'Keef advised Ms. Castro to "speak firmly" to Syriam and told her to "hit" him whenever he touched her. Hassuna told Ms. Castro that he would speak with Syriam about the sexual harassment, but the harassment continued unabated.

(f) After Ms. Castro complained to Defendant about the sexual harassment, Mr. Syriam began to subject Ms. Castro to intimidating and antagonistic hostility, including, but not limited to, calling Ms. Castro a "bitch"; calling her repeatedly, telling her not to submit a statement to Defendant about the harassment; and, threatening to hire a lawyer to tell her family stories about her and the sexual harassment.

(g) On July 9, 2004, Ms. Castro resigned from her employment because she could no longer tolerate the sexual harassment and intimidating hostile work environment.

8. The effect of the practices complained of in paragraph 7(a)-(g) above has been to deprive Theresa Castro of equal employment opportunities and otherwise adversely effect her status as an employee because of her gender, female.

9. The effect of the practices complained of in paragraph 7(a)-(g) has been to deprive Theresa Castro of equal employment opportunities and otherwise adversely effect her status as an employee because of her gender, female.

10. The unlawful employment practices complained of in paragraph 7(a)-(g) were intentional.

11. The unlawful employment practices complained of in paragraph 7(a)-(g) were done with malice or with reckless indifference to the federally protected rights of Theresa Castro.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, and any other employment practice which discriminates on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, which provide for an harassment free work environment, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to institute and carry out anti-discrimination and sexual harassment policies and complaint procedures.

D. Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination and harassment.

E. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-harassment; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

F. Order Defendant Employer to make whole Theresa Castro by providing appropriate back pay and front pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G. Order Defendant Employer to make whole Theresa Castro by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 (a) through (g) above, including, but not limited to out-of-pocket losses, in amounts to be determined at trial.

H. Order Defendant Employer to make whole Theresa Castro by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 (a) through (g) above, including pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

I. Order Defendant Employer to pay Theresa Castro punitive damages for its malicious and reckless conduct described in paragraphs 7 (a) through (g) above, in amounts to be determined at trial.

J. Grant such further relief as the Court deems necessary and proper in the public interest.

K. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                Eric S. Dreiband
                General Counsel

                James L. Lee
                Deputy General Counsel

                Gwendolyn Young Reams
                Associate General Counsel

                EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
                Washington, D.C. 20507

                *(signature)*
                Jacqueline H. McNair
                Regional Attorney

                *(signature)*
                Judith A. O'Boyle
                Supervisory Trial Attorney

                *(signature)*
                Terrence R. Cook
                Senior Trial Attorney
                21 S. 5th Street, Suite 400
                Philadelphia, PA 19106
                (215) 440-2688